IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN ROY FORD                                                                                    PLAINTIFF

v.                                     Civil No. 4:18-cv-04153

JAIL ADMINISTRATOR CHRIS WOLCOTT,
Sevier County Detention Center; SHERIFF
ROBERT GENTRY, Sevier County, Arkansas;
DEPUTY DAVID STINSON; DANA GENTRY,
Bondsman; CHIEF OF POLICE SCOTT
SIMMONS, De Queen Police Department;
OFFICER JUSTIN GENTRY; DEPUTY CHET
STUBS; NURSE SHARON FLOURNEY; DR.
STEVEN FOLTZ; SOUTHERN HEALTH
PARTNERS; J.E. BONDING, INC.; and ASSISTANT
JAIL ADMINISTRATOR TERRY HERNEDEZ                                          DEFENDANTS

## ORDER

Before the Court is a Motion for More Definite Statement filed by Defendants Nurse Sharon Flourney, Steven Foltz and Southern Health Partners, Inc. ("Medical Defendants"). (ECF No. 8). The Court has determined that no response from Plaintiff is necessary in order to rule on the motion.

Plaintiff filed this 1983 lawsuit alleging the Medical Defendants denied him adequate medical care in 2018.[1] (ECF No. 1, pp. 22-23). The Medical Defendants filed the instant motion on November 19, 2018, stating that Plaintiff's statements and allegations against them are ambiguous. (ECF No. 8). They argue that Plaintiff should be required to re-plead and give notice as to the specific medical condition for which he claims he should have received treatment and

---

[1] Plaintiff also asserts additional claims against officers with the Sevier County Detention Center and the De Queen Police Department.

include in his allegations whether he requested medical treatment during the alleged period of neglect, and what treatment he believes he should have received. *Id.*

After a review of the Complaint, the Court finds that the Medical Defendants' Motion for a More Definite Statement (ECF No. 8) is **GRANTED**.

Plaintiff is **ORDERED** to submit a Supplement to his Complaint by **December 12, 2018.** In the Supplement to his Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of each Medical Defendant who violated the right; exactly what the Medical Defendant did or failed to do; how the action or inaction of that Medical Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of each Medical Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8. Plaintiff must repeat this process for each person he has named as a Medical Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Medical Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Medical Defendant will be dismissed for failure to state a claim.

**This case shall be subject to dismissal if Plaintiff fails to return the Supplement to his Complaint by the Court's imposed deadline of December 12, 2018.**

IT IS SO ORDERED this 28th day of November 2018.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE