IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN ROY FORD                                                                                    PLAINTIFF

v.                                    Civil No. 4:18-cv-04153

JAIL ADMINISTRATOR CHRIS WOLCOTT,
Sevier County Detention Center; SHERIFF
ROBERT GENTRY, Sevier County, Arkansas;
DEPUTY DAVID STINSON; DANA GENTRY,
Bondsman; CHIEF OF POLICE SCOTT
SIMMONS, De Queen Police Department;
OFFICER JUSTIN GENTRY; DEPUTY CHET
STUBS; NURSE SHARON FLOURNEY; DR.
STEVEN FOLTZ; SOUTHERN HEALTH
PARTNERS; J.E. BONDING, INC.; and ASSISTANT
JAIL ADMINISTRATOR TERRY HERNEDEZ                                      DEFENDANTS

**ORDER**

Before the Court are six (6) motions filed by Plaintiff seeking various documents. They include: 1) Motion to Obtain Relevant Information (ECF No. 35); 2) Motion to Request Documents [Plaintiff's bond contract from Defendants J. E. Bonding Inc. and Dana Gentry] (ECF No. 36); 3) Motion to Subpoena/Request Documents [Copies of Grievances] (ECF No. 37); 4) Motion to Subpoena Copies of Emergency Room Records (ECF No. 38); 5) Motion to Subpoena Copies of Medical Requests and Answers on Kiosk (ECF No. 39); and 6) Motion to Subpoena Copies of Medical Records (ECF No. 40). The Court has determined that no responses from Defendants are necessary to rule on the motions.

1. **Motion to Obtain Relevant Information (ECF No. 35)**

In this motion, Plaintiff states:

…[I] request information on why I can not have documents, I have requested from the court until Initial Scheduling Order has been issued. Yet Defendant's counsel is demanding that I produce document and Interrogatories within 30 days of which

1

> I have 10 days left, but can not produce these document without (ISO)…I do not understand why I am being told no to access to all information…

(ECF No. 35). Even though the Court has not yet entered an Initial Scheduling Order, Plaintiff is required to first submit any request for documents or other materials directly from counsel for Defendants prior to seeking assistance from the Court. The Court has informed Plaintiff of this requirement in a previous order. (ECF No. 33).

As far as discovery requests submitted to Plaintiff by Defendants, Plaintiff is directed to refer to the instructions regarding discovery in his 1983 litigation packet. If Plaintiff needs an extension of time, he may file a motion with the Court. Accordingly, Plaintiff's Motion to Obtain Relevant Evidence (ECF No. 35) is **DENIED.**

   **2. Motion for Subpoena of Bond Contract (ECF No. 36)**

In this motion, Plaintiff "requests again that Defendants give me a copy of any complete bond contract by Dana Gentry or J.E. Bonding, Inc….". Plaintiff has previously filed a similar motion (ECF No. 26) which was denied by the Court on December 19, 2018. (ECF No. 33). As Plaintiff has already been informed, this request is premature. Both J.E. Bonding Inc. and Dana Gentry are named Defendants in this lawsuit. It is Plaintiff's responsibility to request the production of any documents directly from Defendants prior to seeking assistance from the Court. Accordingly, Plaintiff's Motion for Subpoena of Bond Contract (ECF No. 36) is **DENIED.**

   **3. Motion for Subpoena of Grievances (ECF No. 37)**

In this motion Plaintiff seeks "a copy of all my grievances with answers and or responses …made on the kiosk machine from March 17th, 2018 to date…" Plaintiff has previously filed two motions requesting grievances (ECF Nos. 14, 25) each of which were denied by the Court. (ECF Nos. 17, 33). Once again, even before an Initial Scheduling Order is entered - which will require

Defendants to turn over all of Plaintiff's grievances - it is Plaintiff's responsibility to request any grievances directedly from counsel for Defendants prior to filing a motion with the Court. Accordingly, Plaintiff's Motion for Subpoena of Grievances (ECF No. 37) is **DENIED**.

**4. Motion to Subpoena Copies of Emergency Room Records (ECF No. 38)**

In this motion, Plaintiff requests "a copy of my hospital records from Emergency room at the hospital in Sevier County, De Queen Arkansas from March 2018 to date…" Plaintiff has previously filed a motion requesting the same records (ECF No. 13) which the Court denied on December 6, 2018. (ECF No. 17). Nothing has changed since Plaintiff previously sought assistance from the Court. It is Plaintiff's responsibility to request his own medical medicals from either the hospital or counsel for Defendants prior to seeking assistance from the Court. Accordingly, Plaintiff's Motion to Subpoena Copies of Emergency Room Records (ECF No. 38) is **DENIED.**

**5. Motion to Subpoena Copies of Medical Requests/Answers on Kiosk (ECF No. 39)**

In this motion Plaintiff states, "request I be given a copy of my medical requests and answers to them that were made on the kiosk machine from March 17, 2018 to date…" Plaintiff previously filed the same motion (ECF No. 12) which was denied by the Court on December 6, 2018. (ECF No. 17). Again, Plaintiff must first seek this information directly from counsel for Defendants prior to seeking assistance from the Court. Accordingly, Plaintiff's Motion to Subpoena Copies of Medical Requests/Answers on Kiosk (ECF No. 39) is **DENIED.**

**6. Motion to Subpoena Copies of Medical Records (ECF No. 40)**

In this motion, Plaintiff seeks "a copy of my medical records from March 17th, 2018 to date…" Plaintiff previously filed the same motion (ECF No. 13) and the Court denied it on December 6, 2018, as premature. (ECF No. 17). Plaintiff must first seek this information directly

from counsel for Defendants prior to seeking assistance from the Court. Accordingly, Plaintiff's Motion to Subpoena Copies of Medical Records (ECF No. 40) is **DENIED.**

Further, the Clerk of the Court is **DIRECTED** to accept no further pleadings or motions from Plaintiff without prior approval from the Court or pursuant to Court Order. Since this lawsuit was filed on November 5, 2018, Plaintiff has filed five motions for subpoenas of documents, one supplement, and two motions requesting appointment of counsel. Plaintiff's continuous filing of repetitive and therefore frivolous motions is a waste of the Court's time and resources, prejudicial to Defendants, and impedes the resolution of this matter. **Plaintiff is warned that further attempts to file frivolous pleadings will result in sanctions being imposed against him including dismissal of his claim.**

**IT IS SO ORDERED THIS 7th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE